UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
CAPTAIN SANDRA ELLIS,

                              Plaintiff,                    COMPLAINT
                                                                            JURY TRIAL DEMANDED

  -Against-
                                                                                           08-CV-6705


THE CITY OF NEW YORK; NEW YORK CITY
DEPARTMENT OF CORRECTIONS;
MARTIN F. HORN, individually and in his capacity
as Commissioner of the New York City Department
of Corrections; Deputy Warden RAPHAEL OLIVO

                              Defendants.
------------------------------------------------------------X

      Plaintiff Captain Sandra Ellis, by and through her attorney, Law Office of Jacqueline McMickens & Associates, alleges for her complaint against defendants City of New York ("City"), New York City Department of Correction ("DOC"), Martin F. Horn and Raphael Olivo as follows:

## NATURE OF THE ACTION

  1. Plaintiff brings this action to challenge a pattern and practice of employment discrimination and harassment on the basis of sex by the New York City Department of Corrections ("DOC") in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended, 42 U.S.C. §§ 2000e, et seq., and the Civil Rights Act of 1871, as amended in 1991, 42 U.S.C. § 1983; the New York Constitution; the New York State Human Rights Law, N.Y. Exec. Law § 296; the New York City Human Rights Law, 1 New York City Administrative Code, 8-101 and the New York City Charter, Chapter 35.  The action seeks declaratory and injunctive

1

relief and compensatory and punitive damages both to secure future protection and to redress the past deprivation of rights secured to plaintiff under local, state and federal laws.

2. Defendants have engaged in a pattern and practice of discrimination and harassment against female employees on the basis of sex by, inter alia: (a) maintaining and allowing a hostile and sexually charged work environment; (b) engaging in discriminatory treatment of female captains (c) ignoring sexual aggressive behavior towards female employees from male employees, including defendant Olivo conduct towards plaintiff.

**JURISDICTION AND VENUE**

3. The jurisdiction of this Court is invoked pursuant to Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991, 42 U.S.C. § 20000e-5(f)(3), 28 U.S.C. §§ 1331 and 1343(3), and 28 U.S.C. § 1368(a) for claims arising under the New York State Human Rights Law and the New York City Human Rights Law, based on the doctrine of supplemental jurisdiction in that such claims arise from a common nucleus of operative facts and are so intertwined with other matters pending before the Court as to make exercise of supplemental jurisdiction appropriate.

4. Plaintiff has fully complied with all prerequisites to jurisdiction in this Court under Title VII. This action is founded on plaintiff's employment discrimination chargers that were timely filed at the United States Equal Opportunity Employment Commission ("EEOC"). A Notice of Right to Sue letter was issued, and this lawsuit was commenced within ninety (90) days of receipt by the plaintiff.

## PARTIES

5. Plaintiff is a female captain who has been employed with the DOC since December 6, 1991. She was promoted from Corrections Officer to Captain on or about January 24, 2003 and was assigned to the Vernon C. Bain Center ("VCBC"), a correctional barge facility housing adult inmates. At all relevant times, plaintiff was employed with the defendant.

6. Defendant City of New York ("City") is a municipality organized and existing under the laws of the State of New York. Under the Charger of the City of New York, the City is responsible for the conduct of the DOC, which is the municipal agency responsible for the care, custody and control of persons accused of crimes or convicted and sentenced to one year or less of jail time in the City, and the City's agents, servants and employees who work for the DOC. As such the City is responsible for implementing any legal or equitable relief which may be ordered by the Court in this action, including without limitation, the injunction relief requested by plaintiff herein.

7. Defendant New York City Department of Correction is an agency of the City of New York. It staffs and administers the city jails and other related institutions charged with the care and maintainence of prisoners incarcerated by and in New York City.

8. Defendant Martin F. Horn has been the Commissioner of the New York City Department of Correction from January 2003 through the present. He is an employee of the City and is the principal administrator of DOC. He is responsible for the institution and application of DOC's employment policies, work assignment and disciplinary processes. He is also responsible for ensuring that the actions of DOC do not deprive any individual of the rights secured by the Constitution and laws of the United States as well as the New York Constitution and laws of the State and City of New York. Defendant Horn is the ultimate authority in DOC disciplinary

matters, and is and was, at all times relevant to this action, responsible for the hiring, screening, training, retention, supervision, discipline and counseling of DOC employees under his command. Defendant Horn knew or should have known of the discriminatory customs, practices, policies and wrongful acts of the defendants described in this Complaint and condoned, ratified and/or authorized. He is sued in both his individual and official capacities.

9. Defendant Raphael Olivo is a Deputy Warden with DOC, and at all relevant times engaged sexually aggressive behavior towards plaintiff, including upholding DOC's sexually bias discriminatory customs, practices, and polices against women.

## ALLEGATIONS OF FACT

10. Defendants have engaged in a pattern and practice of discrimination against female Captains by allowing and maintaining a hostile work environment that subjects female employees to disparate treatment in the workplace.

11. Plaintiff, inter alia, has been affected in the following ways:

12. On December 6, 1991, plaintiff began her employment with the New York City Department of Corrections as a Corrections Officer.

13. She received repeated positive annual performance evaluations, and as a result was promoted to Captain on January 23, 2004. Thereafter, plaintiff continued her dedication and exemplary service.

14. On September 18, 2006, plaintiff was transferred to Vernon C. Bain Center ("VCBC") and worked as the Facility Business Manager. VCBC is a correctional barge that houses 800 medium to maximum security inmates.

15. Her duties included overseeing the operations of the facility, including the finances and supervising civilian staff.

16. Plaintiff, at all relevant times, was supervised by defendant Deputy Warden Raphael Olivo, who worked in an executive capacity for three positions, to wit, Security, Programs and Administration.  It was highly unusual and arguably careless for one officer to hold three executive positions.  Indeed, any inherent checks and balances protection is eliminated.

17. As such, although defendant Olivo was technically second in command, it was clear that his influence extended beyond his official allotment.  Under his command, the environment was pregnant with sexual tension and overt sexual behavior.  Female employees willing to grant sexual favors were given preferential treatment and those who were not suffered.

18. Plaintiff was immediately uncomfortable with defendant Olivo.  During their first meeting, plaintiff felt objectified and demeaned by defendant Olivo's ogling and sexual overtures.

19. Shortly after the initial meeting, defendant Olivo began visiting plaintiff's office to complement her on her appearance. When plaintiff went to defendant Olivo's office on business, he would ask plaintiff personal questions about her married life, her husband and her children.  Although unnerved, plaintiff made attempts to be polite in her responses  but tried to maintain her privacy.

20. Indeed, plaintiff would attempt to leave defendant Olivo's office when the conversation became personal, but he would beg plaintiff to stay and would not complete the business that prompted plaintiff to visit his office initially.  While in his office, defendant would continuously subject plaintiff to personal and inappropriate stories about his personal life and would not allow plaintiff to leave.

21. When defendant recognized that plaintiff was adamant about maintaining only a professional relationship, defendant Olivo asked plaintiff why she did not like him or want to talk to him on a personal level.

22. Although plaintiff, through her actions, made it clear that she was uncomfortable with defendant Olivo, he was persistent and increased his sexually aggressive behavior.

23. He intentionally stood uncomfortably close to plaintiff to invade her personal space. When she would move away from him, he reproached her by saying she behaved like a person who was beat as a child and that he wanted her to open up to him.

24. He frequently implored plaintiff not to be afraid of him because he wouldn't hurt her.

25. On one occasion, defendant Olivo, while gesturing to his genital area, made a reference to the size of his genital and asked plaintiff to compare his to the size of plaintiff's husband's.

26. On another occasion, defendant Olivo grab plaintiff's hand, sniffed it and then kissed it.

27. In another incident, defendant Olivo entered plaintiff's office under the guise of needing to make a phone call. Defendant Olivo walked to the side of plaintiff's desk opposite to the phone, and outstretched his body just inches over plaintiff to reach for the telephone. Plaintiff jerked back to avoid contact with him.

28. In addition to this unwanted behavior, defendant Olivo repeatedly asked plaintiff out on dates. She always declined.

29. In early 2007, defendant Olivo explicitly asked plaintiff out on a date to Frankie's and Johnnies. When plaintiff ignored his invitation, plaintiff became angry and heightened his retaliatory practices.

30. Two days after this incident, plaintiff was maliciously written up on false charges by Assistant Deputy Warden Gumusdere, but at the behest of defendant Olivo.

31. ADW Gumusdere admitted that he was acting under the orders of defendant Olivo and stated that he did not want anything to do with the charges.

32. Further, during the hearing, a DOC delegate informed plaintiff that defendant Olivo was willing to drop the command discipline charges in exchange for her withdrawal of the sexual discrimination charges eventually filed by plaintiff.  Plaintiff refused.

33. Consequently, defendant Olivo initiated a second falsified complaint against plaintiff, but instead of handling the charges within the department, defendant Olivo bypassed the ordinary procedures and forwarded the charges directly to Trials and Litigation.  Trials and Litigations typically handles charges after an employee has had three or more charges within their own department.  Plaintiff did not.

34. Correctly, Trials and Litigation eventually returned the charges to be dealt with in the correct department.

35. Both charges are still pending, and has tarnished plaintiff's near perfect record.

36. Although plaintiff has made complaints of defendant Olivo, she is still required to have contact with him.  Upon information and belief, defendant Olivo has not been disciplined for his actions.

## CAUSE OF ACTION

### FIRST CLAIM FOR RELIEF

37. Plaintiff repeats and re-alleges each and every allegation set forth above with the same force and effect as it fully set forth therein

38. Defendants' practice of granting improvements in working conditions to female correction officers who agree to provide sexual favors to their supervisors and denying them to female correction officers who refuse to grant such favors, constitute sexual harassment.

39. Such sexual harassment constitutes discrimination in employment on the basis of sex, gender in violation of 42. U.S.C§§20002 et.seq.

40. As a result of defendants' acts, plaintiff has suffered irreparable injury.

## SECOND CLAIM FOR RELIEF

41. Plaintiff repeats and re-alleges each and every allegation set forth above with the same force and effect as if fully set forth herein.

42. Defendants' acts described above constitute a persistent and pervasive pattern and practice of degrading and sexually harassing conduct.

43. Defendants creation of a hostile work environment constitutes unlawful discrimination in employment on the basis of sex/gender in violation of 42 U.S.C. §§ 2000e et seq.

44. As a result of defendants acts, plaintiff has suffered irreparable injury.

## THIRD CLAIM FOR RELIEF

45. Plaintiff repeats and re-alleges each and every allegation set forth above with the same force and effect as if fully set fourth herein.

46. As described above, defendants have discriminated against plaintiff in connection with disciplinary and work assignment practices and other terms and conditions of employment of DOC.

47. Defendants' discrimination against plaintiff with regard to discipline and work assignments constitutes unlawful discrimination in employment on the basis of gender in violation of 42 U.S.C. §§ 2000e et seq.

48. As a result of defendants' acts plaintiff has suffered irreparable injury.

**FOURTH CLAIM FOR RELIEF**

49. Plaintiff repeats and re-alleges each and every allegation set forth above with the same force and effect as it fully set forth herein.

50. Defendants have retaliated against plaintiff for her opposition to defendant Olivo's unlawful employment practices and complaints of the discrimination within DOC.

51. Defendants' retaliatory acts, including, inter alia, discriminatory disciplinary treatment, violates 42 U.S.C. § 2000e-3(a) which makes it unlawful for an employer to retaliate against its employees for opposing unlawful employment practices or filing complaints of discrimination.

52. As a result of defendants' acts plaintiff has suffered irreparable injury.

**FIFTH CLAIM FOR RELIEF**

53. Plaintiff repeats and re-alleges each and every allegation set forth above with the same force and effect as if fully set forth herein.

54. Defendants have engaged in a pattern and practice of discriminating against female correction officers by, inter alia, maintaining and allowing a hostile work environment, subjecting female officers to disparate treatment including but not limited to discrimination in connection with discipline and work assignments, the imposition of disciplinary penalties and retaliation against female correction officers for opposing and/or complaining of discrimination suffered by themselves or others.

55. Defendants have, by the actions described herein, acted under color of state law to discriminate against plaintiff on the basis of sex, thereby abridging the privileges and immunities secured to plaintiff by the Equal Protection Clause of the Constitution and the State of New York, in direct violation of the Civil Rights Act of 1871, 42 U.S.C.§ 1983.

56. As a result of defendants' acts, plaintiff has suffered irreparable injury.

### SIXTH CLAIM FOR RELIEF

57. Plaintiff repeats and re-alleges each and every allegation set forth above with the same force and effect as if fully set forth herein.

58. This claim is brought pursuant to the supplemental jurisdiction of this Court, under NYSHRL, Executive Law §§ 290 et seq.

59. Defendants' policies, practices and actions described above have created a hostile working environment for plaintiff in violation of the NYSHRL, Executive Law §§ 290 et seq.

60. Defendants' policies, practice and acts describe above constitute unlawful discrimination in the terms and conditions of employment on the basis of sex in violation of the NYSHRL, Executive Law §§ 290 et seq.

61. As result of defendants' acts, plaintiff has suffered irreparable injury.

### SEVENTH CLAIM FOR RELIEF

62. Plaintiffs repeat and re-allege each and every allegation above with the same force and effect as if fully set forth herein.

63. This claim is brought pursuant to the supplemental jurisdiction of this Court, under NYSHRL, Executive Law §296.

64. As a result of plaintiff's opposition to defendants' discriminatory policies, practices and actions, plaintiff has been subjected to retaliation, including but not limited to, disciplinary action.

65. Defendants' retaliatory actions against plaintiff constitute a violation of NYSHRL, Executive Law § 296.

66. As a result of defendants' actions, plaintiff has suffered irreparable injury.

**EIGHTH CLAIM FOR RELIEF**

67. Plaintiff repeats and re-alleges each and every allegation contained above with the same force and effect as if fully set forth herein.

68. This claim is brought pursuant to the supplemental jurisdiction of this Court, under the New York City Human Rights Law.

69. Defendants' policies, practices and actions described above have created a hostile working environment for plaintiff in violation of the NYCHRL, § 8-107 et seq.

70. Defendants' policies, practice and acts described above constitute unlawful discrimination in the terms and conditions of employment on the basis of sex in violation in the terms and conditions of employment on the basis of sex in violation of the NYCHRL, § 8- 107 et seq.

71. Defendant City of New York, an employer subject to the New York City Human Rights Law, has unlawfully discriminated against plaintiff because of her sex, which has affected the terms, conditions, and privileges of her employment, and has created a hostile work environment in violation of New York City Local Law 59 of 1986 as amended by Local Rule 39 of 1991, New York City Administrative Code §8- 107 et seq.

72. Plaintiff will timely serve a copy of this complaint upon the New York City Commission of Human Rights and the New York City Corporation Counsel.

73. As a result of defendants' acts, plaintiff has suffered irreparable injury.

**NINTH CLAIM OF RELIEF**

74. Plaintiffs repeat and re-allege and every allegation contained above with the same force and effect as if fully set forth herein.

75. This claim is brought pursuant to the supplemental jurisdiction of this court, under NYCHRL, New York City Administrative Code § 8 – 107(7).

76. As a result of plaintiff's opposition to defendants' discriminatory policies, practices and actions plaintiff has been subjected to retaliatory actions which constitute a violation of NYCHRL, New York City Administrative Code § 8- 107(7).

77. As a result of defendants' acts plaintiff has suffered irreparable injury.

**TENTH CLAIM FOR RELIEF**

78. Plaintiff repeats and re-alleges each and every allegation set forth above with the same force and effect as if fully set forth herein.

79. Pursuant to NYSHRL, Executive Law §296(6) and NYCHRL, NYC Administrative Code § 8-107(6) the individual defendants are individually liable for the acts of discrimination and retaliation described above.

80. As a result of defendants' acts , plaintiff has suffered irreparable injury and are entitled to both compensatory and punitive damages against the individual defendants.

## **RELIEF**

**WHEREFORE,** plaintiff respectfully requests that the Court

81. Enter judgment declaring that the acts and practices of defendants described above are in violation of the laws of the United States and New York;

82. Issue a permanent injunction:

   a) Requiring that defendant eliminate all sexually aggressive behavior towards plaintiff.
   b) Requiring defendants to eliminate discrimination on the basis of sex within and among their departments;
   c) Requiring Defendants to refrain from retaliating against plaintiff
   d) Ordering that defendants immediately rescind and expunge any and all records of discipline against plaintiff from any and all files and records of the DOC;

83. Grant such additional equitable relief as is proper and just, including but not limited to, requiring defendants to (a) address and eliminate the culture of disparaging and harassing female employees who work in the City's correction facilities; (b) enter into a plan to eliminate the hostile work environment at DOC to be administered under supervision of the Court or other appropriate monitor; and (c) take appropriate disciplinary actions against defendants for their disciplinary actions;

84. Order that Defendants immediately reimburse, and make plaintiff whole for any and all benefits to which they would have been entitled had it not been for defendants' illegal actions including, but not limited to back pay and lost overtime with interest, benefits, and seniority from the time of defendants illegal actions against them;

85. Award compensatory damages for the pain, suffering, emotional distress, loss of dignity, humiliation, and other damages to reputation and livelihood endured by plaintiff in amounts that are fair, just and reasonable, to be determined at trial;

86. Award plaintiff punitive damages in the amount to be determined at trail;

87. Award plaintiff all cost of this action and reasonable attorneys' fees, as provided for in 42 USC § 1988 and 42 USC § 2000e-(5)k; and NYC Administrative Code 8-10.

88. Grant plaintiff such other and further relief as the Court deems appropriate and equitable, including injunctive and declaratory relief as may be required in the interest of justice.

Dated: July 23 2008
      Brooklyn, N.Y.

Respectfully submitted,

_____/s/_____
Nnenna Onua, of Counsel
McMickens & Associates, PLLC
26 Court Street, Suite 1600
Brooklyn, New York 11242
718-596-4877
718-596-5009